## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN BROWN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **Case No. 12-CV-0043-CVE-PJC** |
| | ) |
| MISTY SMITH, individually, and | ) |
| STATE OF OKLAHOMA ex. rel. | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA, | ) |
| CAMERON UNIVERSITY, ROGERS | ) |
| STATE UNIVERSITY, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss (Dkt. # 6). Defendants ask the

Court to dismiss plaintiff's claims for failure to state a claim and lack of service of process.[1]

Defendants also assert that they are entitled to qualified immunity from plaintiff's claim under 42

U.S.C. § 1983. Plaintiff objects to defendants' motion to dismiss. In the event the Court finds that

she has not stated a claim under § 1983, plaintiff asks the Court to remand the case to state court.

### I.

Lynn Brown was hired by Rogers State University (RSU) in June 2010 and her supervisor

was Misty Smith. Dkt. # 2-3, at 1. Brown claims that Smith placed restrictions on the posting of

student flyers, and Smith's practice allegedly violated the free speech rights of students. Brown

states that Smith removed flyers that had been posted on campus and handed them to plaintiff, and

---

[1]      There is no evidence that defendants have been served. However, this case was filed on January 3, 2012 and the time to serve defendants has not expired. Thus, it would be premature to dismiss plaintiff's claims for lack of service of process.

that Smith encouraged students and advocacy groups to believe that Brown was responsible for removing the flyers. Id. at 1-2. Brown claims that students approached her with complaints of free speech violations, and she told "defendants" about the students' concerns. Id. at 2. Brown was directed as to how to respond to the student complaints, and she believed that RSU was violating the First Amendment rights of its students. RSU also told Brown not to speak to students, advocacy groups, or the press about the removal of student flyers. Brown claims that she was ordered to write up a student for an improper Facebook posting, and that she believed that this violated the student's right to free speech. Id. She also questioned allegedly improper expenditures on student activities by RSU, but the petition does not specify to whom plaintiff spoke or when this occurred. Id.

Brown claims that RSU terminated her employment in retaliation for questioning allegedly improper expenditures and the alleged violations of students' First Amendment free speech rights. She states that RSU "threw Plaintiff under the bus and allowed public perception to be created that Plaintiff was suppressing speech of students when clearly Defendants were." Id. On January 3, 2012, Brown filed this case in Rogers County District Court, Oklahoma, alleging a § 1983 claim against Smith. Id. at 3. Brown alleges that Smith terminated her employment in retaliation for speaking on a matter of public concern, and that Smith's conduct violated the First Amendment. Brown also asserts a state law claim of tortious interference with contract against Smith and a claim of wrongful termination in violation of an Oklahoma public policy against RSU's Board of Regents. Before service of process on defendants, they removed the case to this Court due to the presence of federal question jurisdiction. Dkt. # 2, at 1.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendants ask the Court to dismiss all of plaintiff's claims but, for the purpose of this Opinion and Order, the Court will initially consider whether plaintiff has stated a claim under §

1983.  Plaintiff objects to the dismissal of her § 1983 claim, but she asks the Court to remand the case to state court should her § 1983 claim be dismissed.

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights.  Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007).  Plaintiff alleges that Smith terminated her employment to retaliate against plaintiff for speaking on a matter of public concern, and her § 1983 claim against Smith is governed by the Supreme Court's decisions in Garcetti v. Ceballos, 547 U.S. 410 (2006), and Pickering v. Bd. of Education, 391 U.S. 563 (1968).  A First Amendment retaliation claim has five elements:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

Cypert v. Independent Sch. Dist. No I-050 of Osage County, 661 F.3d 477 (10th Cir. 2011) (quoting Rohrbough v. University of Colorado Hospital Authority, 596 F.3d 741, 745 (10th Cir. 2010)).  "The first three steps of the *Garcetti/Pickering* analysis are issues of law 'to be resolved by the district court . . . .'"  Rohrbough, 596 F.3d at 745.  Smith argues that plaintiff was speaking as part of her official duties and that she was not speaking on matters of public concern.

The first element of a First Amendment retaliation claim is whether an employee was speaking as part of her official duties. "The ultimate question is whether the employee speaks as a citizen or instead as a government employee-an individual acting 'in his or her professional capacity.'" Brammer-Hoelter v. Twin Peaks Charter Academy, 492 F.3d 1192, 1203 (10th Cir. 2007). In making this determination, the Tenth Circuit has focused on "whether the speech activity 'stemmed from and [was of] the type . . . that [the employee] was paid to do . . . .'" Rohrbough, 596 F.3d at 746. Mere disagreement with a supervisor's directions falls squarely within Garcetti's prohibition of claims based on the performance of a governmental employee's official duties. Green v. Bd. of County Commr's, 472 F.3d 794, 800-01 (10th Cir. 2007). The forum in which the speech occurs is a relevant consideration. For example, speech made within an employee's chain of command is likely to be made as part of the employee's official duties, while speech occurring outside of the workplace environment may be protected. Rohrbough, 596 F.3d at 747.

Plaintiff's petition fails to provide any details about her official duties and she does not even provide a job title. Plaintiff states that her communications were "not part of [her] job duties or responsibilities," but she states no specific facts to support this conclusory allegation. Dkt. # 2-3, at 2. This is not the type of well-pleaded allegation that must be accepted as true when ruling on a motion to dismiss. By itself, plaintiff's failure to provide some indication of her job duties is a pleading deficiency. Even without knowing plaintiff's job duties, it is apparent that the allegedly protected speech occurred within the chain of command and was made in opposition to instructions from her supervisors concerning the performance of her official duties. Plaintiff claims that she was told to take certain actions in violation of students' free speech rights and she voiced her concerns to Smith that the requested actions would be a constitutional violation. Plaintiff's opposition, even

5

if on a matter of public concern, directly related to the performance of her official duties and does not constitute protected speech under Garcetti. Rohrbough, 596 F.3d at 747. Plaintiff acknowledges that she may have been speaking as part of her official duties, rather than in her capacity as a citizen speaking on matters of public concern, but she argues that this is not fatal to a wrongful termination claim under Oklahoma law. Dkt. # 9, at 13. Whether plaintiff has a claim under state law is a matter that should be left to the Oklahoma courts, but she has not alleged a plausible First Amendment retaliation claim under federal law and her § 1983 claim should be dismissed.

This case was removed to federal court based on the basis of federal question jurisdiction, but the Court has found that plaintiff's sole federal claim should be dismissed. Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over a pendent state law claim in some circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. at 726; see also United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial"). Defendants ask the Court to exercise its discretion to retain supplemental jurisdiction over plaintiff's state law claims. Dkt. # 10, at 10. In this case, the Court has not entered a scheduling order and the parties have not even begun to exchange discovery. Plaintiff has also identified an unresolved issue of state law - i.e., would Oklahoma courts apply Garcetti in the context of state law tort claim - and this legal issue should be resolved by Oklahoma courts in the first instance. Considering that this case is in its early

stages and that there is an unresolved issue of Oklahoma law, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 6) is **granted in part**, and plaintiff's § 1983 claim is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to the Rogers County District Court, Oklahoma.

**DATED** this 29th day of March, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE